PER CURIAM.
Plaintiff and Appellant, Rene Jarreau, hereinafter referred to as contestant, and the defendant-appellee, Bobbie David, hereinafter referred to as contestee, were candidates for the office of school board in Ward 7 of the Parish of Pointe Coupee in the primary election held on Tuesday, July '27, 1954. Voting machines were used in the election, and the results on the machines gave each candidate 223 votes. In addition, there were 13 absentee ballots cast, of which one was spoiled, of which number the contestant received 5 and the contestee 7, giving a total of 230 votes for the con-testee and 228 for "the contestant.
Plaintiff complied with the necessary formalities prescribed by law and then instituted this suit under the provisions of LSA-R.S. 18:364 in which he contends that all of the absentee ballots should be treated as invalid and that as a result there was a tie-vote and both contestant and contestee should be certified as eligible candidates in the second primary election.
The contestee and the Parish Democratic Executive Committee filed exception of no cause of action and the Executive Committee filed an exception of misjoin-der and with full reservation of their rights under the exceptions answered plaintiff’s petition. The district judge stated that in view of the summary nature of the proceedings and the failure of the parties to agree as to the facts that he would refer the exception of no cause of action to the merits and hear the testimony; however, as to the exception of misjoinder, he overruled the same. After trial of the case the learned district judge in an able and well written opinion dismissed the contestant’s suit at his costs and the latter has therefore appealed from this judgment.
The contestant’s suit is based entirely upon articles 4 and 5 of his petition which are as follows;
“4.
“That there were 13 absentee ballots cast, the counting of which by the Commissioners of election in the polling precinct was such as to invalidate all of said absentee votes, in that rather than identifying the signatures of the voters by a comparison of the signatures on the back of the 'envelope, and thereafter removing the ballot from the envelope without it being unfolded or permitting it to be unfolded or examined, and thereupon having ascertained and determined the ballot to be regular as far as possible from its official endorsements depositing it in the 'ballot box, and entering the absentee voters’ name on the poll list or poll book as is required by the primary election law of the State of Louisiana, and particularly of [LSA-] Revised Statute 18:1076, the Commissioners complied with the steps outlined by law in all. particulars except that instead of removing the ballot from the envelope without unfolding or permitting to be unfolded or examined, and depositing it in the proper ballot box, the Commissioners proceeded to directly unfold, examine and count each of said ballots, thereby directly identifying the ballot with the individual casting the vote.”
“5.
“That in this particular the secrecy of the balloting indispensable to a legal vote was violated so as to require that all of these ballots are to be treated as invalid.”
As the contestee is again reurging his exception of no cause of action, it is necessary that this court pass upon the same, which of course must depend strictly upon the allegations of the contestant’s petition.
It will be noted by reading the above quoted articles of the petition that the only *220 ground upon which the contestant depends to invalidate or set aside contestee’s nomination is that the absentee ballots instead of being placed in a “proper ballot box” were by the commissioners directly unfolded, .examined and counted so that the ballot was identified with the individual casting it.
There is no contention that there was any fraud or irregularity in .connection with the preparation of the absentee ballot by the vote.r or the clerk of court. The only question for. us to decide is whether or not the act of the Commissioners in opening the envelopes containing each of the ballots and placing them on a table and counting them at that time instead of putting them in a ballot box without identifying the individual casting his ballot with the envelope when opened is^such an irregularity as to invalidate contestee’s nomination.
The petition does not contain any allegation that any protest was made by any commissioner, watcher or individual present as to the manner of casting the absentee ballots or any particular challenge to these 13 ballots, one of which was determined to have been spoiled, as stated hereinabove. The petition is also devoid of any allegation that these ballots were not correctly counted as voted. None of the irregularities complained of by plaintiff in the conduct of the election was such as- to prevent a free and honest expression of the will of the voters.
Under the jurisprudence as cited and found by us we find as follows:
“Our jurisprudence is well settled to the- effect that the result of an election in. which the electors have had a fair and free opportunity to express their will, and have so expressed it, will not be set aside merely because of the failure o-f election officials .to perform some duty prqspribed by law or to;.discharge them in the exact manner designated.” See Daigle v. Mayor & Board of Aldermen, etc., 222 La. 556, 62 So.2d 833, 835; Beard v. Henry, La.App., 199 So. 468; McCann v. Morgan City, 173 La. 1063, 139 So. 481; Vidrine v. Eldred, 153 La. 779, 96 So. 566; Bradford v. Grant Parish School Board, 154 La. 242, 97 So. 430; Andrews v. Blackman, 131 La. 355, 59 So. 769.
For the foregoing reasons the judgment of the lower court is amended, the exception of no cause of- action is sustained and plaintiff’s suit dismissed at his costs.